```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

**JAMES BULLOCK and SHERAL BULLOCK**                                **PLAINTIFFS**

**vs.**                              **CIVIL ACTION NO. 3:05cv565-WHB-JCS**

**WAL-MART STORES, INC.**                                           **DEFENDANT**

## OPINION AND ORDER

This cause is before the Court on the following Motions in Limine:

1. Motion of Plaintiffs to Exclude Evidence Regarding their Income Tax Returns;

2. Motion of Defendant to Exclude Evidence Regarding Loss of Income as an Owner/operator of a Tractor-Trailer Truck;

3. Motion of Defendant to Exclude Evidence Regarding Proper and Improper Offloading Practices;

4. Motion of Defendant to Exclude Evidence of Other Civil Actions, Verdicts or Settlements Regarding Wal-Mart;

5. Motion of Defendant to Exclude Evidence/Argument Regarding the Financial Success of Wal-Mart, Any Disputes Raised Regarding Wal-Mart Wage Disputes, Class Actions Against Wal-Mart, Dissent in Communities Regarding Construction of Wal-Mart in Communities, and Any Other Matter Regarding the Actions of Wal-Mart Other than Those Relevant to the Civil Action at Hand

**1.   Motion of Plaintiffs to Exclude Evidence Regarding their Income Tax Returns**

**2.   Motion of Defendant to Exclude Evidence Regarding Loss of Income as an Owner/operator of a Tractor-Trailer Truck**

The first and second motions in limine will be addressed together.  Through their Motion, Plaintiffs seeks to exclude as evidence their income tax returns arguing that such evidence is not relevant as they have waived any claim for lost wages or lost profits in this case.  Defendant, nevertheless, argues that such evidence is relevant to the damages portion of Plaintiffs' claims.

Through its Motion, Defendant seeks to exclude evidence regarding Plaintiffs' lost profits on the basis of relevance.  Specifically, Defendant claims that as Mr. Bullock was leasing his truck under a lease/purchase agreement, his proffered calculations regarding lost profits are based on conjecture and speculation and, therefore, inadmissible.  Plaintiffs argue that the motion is moot as they have withdrawn their claim for lost profits.  Plaintiffs also argue, however, that they should be permitted to introduce evidence regarding other aspects of economic loss including:

1.   Loss of equity and additional lease payments of $350.00 per week from February 2005, when Mr. Bullock would have owned the truck until the truck's useful life expired;

2.   Increased lease payments of $75.00 per week from September 2004 to July of 2005;

3.   The loss of $150.00 per month in subsidies to cover certain expenses that would have been paid by the company from which

     the truck was leased until the truck's useful life expired; and

4.    The forfeiture of escrows.

<u>Loss of Equity/Additional Lease Payments</u>:  The Court finds that Mr. Bullock is entitle to recover the equity value of the original truck, less the amount of any remaining lease payments. The Court, however, finds that Mr. Bullock is not entitled to recover the business expenses he incurred from making payments toward the subsequent lease.  First, Mr. Bullock has waived his claim for lost profits.  The additional lease payments Mr. Bullock seeks would necessarily be reflected in his net income, in other words his net income would be calculated by offsetting his gross income with his business expenses (additional lease payments).  The Court finds that the business expenses associated with the additional lease payments are subsumed in the calculation of net profits, the recovery of which has been waived in this case. Second, the record shows that Mr. Bullock's loss of income after the accident is speculative, in particular because it is apparent that he had virtually no income from his trucking business.  The Court finds that Mr. Bullock cannot selectively seek to recover business expenses (additional lease payments) at the same time he seeks to exclude evidence regarding his actual income.  The Court additionally finds that as Plaintiffs have waived their claim for lost income/lost profits, and as Mr. Bullock will not be permitted

3

to recover his business expenses, the Bullocks' tax records are not relevant.

<u>Increased Lease Payments</u>:  The Court finds that Plaintiffs are not entitled to recover damages based on their claim of increased expenses associated with the subsequent truck lease Mr. Bullock entered after the accident.  Mr. Bullock has not demonstrated that through the subsequent lease he obtained a truck that was of a similar age and quality as the one he originally leased, or that he was otherwise precluded from re-leasing his previous vehicle.  It appears that Mr. Bullock chose to lease a newer truck with a higher monthly lease payment instead of leasing an older model truck, with similar mileage and a similar lease payment as his previous vehicle.  Because the increase in Mr. Bullock's out-of-pocket expenses relates to his decision to replace his previous truck with a newer model, the Court finds he is not entitled to recover the difference between his subsequent and previous lease payments as damages in this case.

<u>Subsidies</u>: The Court finds that the subsidies Mr. Bullock alleges he would have received constitute future income.  As Plaintiffs have withdrawn their claim for lost income/lost profits, they are not entitled to recover any future subsidies that may have been paid to Mr. Bullock.

<u>Forfeiture of Escrow</u>:  The Court finds it has insufficient information to render an opinion regarding whether Plaintiffs are

4

entitled to recover damages based on the forfeiture of escrows. The Court, therefore, will reserve its ruling on this issue until trial.

Accordingly, the Court will grant Plaintiffs' Motion in Limine and exclude their Income Tax Returns from evidence at trial. The Court will grant the Motion in Limine of Defendant to the extent it seeks to exclude evidence regarding loss of income. Plaintiffs will be permitted to introduce evidence regarding the loss of equity of Mr. Bullock's previous truck and the forfeiture of the escrows related to that vehicle. Plaintiffs will not, however, be permitted to introduce any evidence regarding Mr. Bullock's additional lease payments, increased weekly expenses related to the subsequent lease, or subsidies.

3.   **Motion of Defendant to Exclude Evidence Regarding Proper and Improper Offloading Practices**

Through this Motion, Defendant seeks to exclude evidence from Plaintiff James Bullock regarding the proper technique to be used to offload merchandise with slip sheets on the bases of relevance, undue prejudice, and improper opinion testimony. In support of its Motion, Defendant argues that Mr. Bullock does not have first-hand training regarding the proper technique to be used for offloading and his testimony is predicated on information he acquired after the subject accident from unidentified third-parties. Plaintiffs, however, argue that Mr. Bullock, as an experienced truck driver,

5

has acquired first-hand knowledge regarding offloading techniques as a result of witnessing same for a number of years, and that he should be permitted to testify regarding what he perceived on the date of subject accident based on this prior knowledge.

The Court finds that any opinion testimony by Mr. Bullock based on information he learned after the subject accident is inadmissible. The Court additionally finds that Mr. Bullock should be allowed to testify regarding that which he observed on the date of the accident in relation to knowledge he had previously acquired during his career as a truck driver. Accordingly, the Court will deny this Motion in Limine on the condition that Mr. Bullock will not give any opinion testimony based on knowledge he acquired after the subject accident and the proper foundation for admissibility has otherwise been laid.

4.  **Motion of Defendant to Exclude Evidence of Other Civil Actions, Verdicts or Settlements Regarding Wal-Mart**

Through this Motion, Defendant seeks to exclude evidence of other claims or litigated matters against it on the bases of relevance and undue prejudice. Plaintiffs do not oppose the Motion

Accordingly, The Court will grant this Motion in Limine.

5.  **Motion of Defendant to Exclude Evidence/Argument Regarding the Financial Success of Wal-Mart, Any Disputes Raised Regarding Wal-Mart Wage Disputes, Class Actions Against Wal-Mart, Dissent in Communities Regarding Construction of Wal-Mart in**

**Communities, and Any Other Matter Regarding the Actions of Wal-Mart Other than Those Relevant to the Civil Action at Hand**

Through this Motion, Defendant seeks to exclude evidence regarding "Wal-Mart as a corporation existing in the United States [that are] not within the scope of the issues presented" in this case on the bases of relevance and undue prejudice.  Plaintiffs do not oppose the Motion.

Accordingly, the Court will grant this Motion in Limine.

For the forgoing reasons:

IT IS THEREFORE ORDERED that Plaintiffs' Motion in Limine to Exclude Evidence Regarding the Income Tax Returns [Docket No. 25] is hereby granted.

IT IS FURTHER ORDERED that the Motion of Defendant in Limine [Docket No. 24] is hereby granted in part and denied in part, in accordance with the above Opinion of the Court.

SO ORDERED this the 14day of September, 2006.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE